IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN FARIAS,<br><br>    Defendant._____/ | No. CR 03-00295 CRB<br><br>**ORDER GRANTING MOTION FOR RETURN OF PROPERTY** |

Pursuant to Federal Criminal Procedure Rule 41(g), Defendant Steven Farias has moved for the return of certain property seized from his residence in Walnut Creek, California. In response to an order from this Court, Defendant specified the items he would like returned: $3,524 in U.S. currency that was not forfeited (Items 1, 11 and 14 on the Return of Search Warrant); "Indicia and Panasonic video camcorder (Item 3)"; and "Indicia found in portfolio in kitchen drawer (Item 4)." Defendant further requested that if Items 3 and 4 may not be returned, that copies of these Items be made and provided to Defendant at Defendant's expense. Defendant also requested "any other personal, non-evidentiary items still in the possession of the government that were not listed in the return."

On June 18, 2009, the Court directed the government to file a written response stating whether it would return Defendant's listed items and, if not, the reasons for withholding such items. The government did not file a response to that Order. Accordingly, on July 30, 2009, the Court issued an order to show cause why Defendant's motion should not be granted. The

1  Court instructed: "If the government wishes to file a response in this matter, it must do so by
2  August 7, 2009, or the Court will consider Defendant's motion unopposed." Again the
3  government did not file a response, and so the Court considers Defendant's motion
4  unopposed. "A defendant is . . . presumed to have a right to the return of his property once
5  the property is no longer needed as evidence, and the government has the burden of showing
6  that it has a legitimate reason to retain the property." U.S. v. Kaczynski, 416 F.3d 971, 974
7  (9th Cir. 2005) (internal quotations omitted). The government has not endeavored to meet its
8  burden, and the Court is aware of no legitimate reason to withhold the property at issue in
9  Defendant's motion.

10  Therefore, the Court GRANTS Defendant's motion. The government shall return to
11  Defendant the $3,524 in U.S. currency that was not forfeited (Items 1, 11 and 14 on the
12  Return of Search Warrant) as well as any other personal, non-evidentiary items still in the
13  possession of the government that were not listed in the return. The government shall also
14  return to Defendant "Indicia and Panasonic video camcorder (Item 3)" and "Indicia found in
15  portfolio in kitchen drawer (Item 4)." If Items 3 and 4 cannot be returned to Defendant, but
16  are still within the government's possession, copies of any papers, audio recordings, or video
17  recordings contained therein shall be made and provided to Defendant at Defendant's
18  expense, provided that such duplication complies with local, state and federal law.
19  The motion hearing currently set for August 28, 2009 is hereby VACATED.
20  **IT IS SO ORDERED.**
21
22  Dated: August 11, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE